UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Andre Levesque


        v.                              Civil No. 09-cv-428-JL


Pfizer, Inc. Worldwide, et al.[1]


### O R D E R

      Before the Court is Andre Levesque's complaint (doc. no. 1),
alleging generally that defendants have violated his rights.
Because Levesque is incarcerated and is proceeding pro se and in
forma pauperis, the matter is before the court for screening to
determine, among other things, whether Levesque has stated any
claim upon which relief might be granted.  See 28 U.S.C. §§
1915(e)(2) & 1915A.


### Standard of Review

      The Court construes all of the factual assertions in pro se
pleadings liberally, however inartfully pleaded.  See Erickson v.
Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v.
Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings

_____

      [1]In addition to Pfizer, Inc. Worldwide, Levesque has named
the University of Vermont, the State University of New York at
Buffalo, and Chicago University as defendants to this action.

liberally in favor of the pro se party).  "The policy behind
affording pro se plaintiffs liberal interpretation is that if
they present sufficient facts, the court may intuit the correct
cause of action, even if it was imperfectly pled."  Ahmed v.
Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v.
United States, 540 U.S. 375, 381 (2003) (courts may construe pro
se pleadings to avoid inappropriately stringent rules and
unnecessary dismissals).  This review ensures that pro se
pleadings are given fair and meaningful consideration.

       To determine if a pro se complaint should be dismissed for
failing to state a claim on which relief could be granted, the
Court must consider whether the complaint, construed liberally,
see Erickson, 551 U.S. at 94, "contain[s] sufficient factual
matter, accepted as true, to 'state a claim to relief that is
plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, ___,
129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."  Id.  Inferences
reasonably drawn from the plaintiff's factual allegations must be
accepted as true, but the Court is not bound to credit legal
conclusions, labels, or naked assertions, "devoid of 'further
factual enhancement.'"  Id. (citation omitted).  Determining if a

complaint states a viable claim is a "context-specific task that
requires the reviewing court to draw on its judicial experience
and common sense." Id. at 1950 (citation omitted).

## Background

The complaint in this matter lacks narrative coherence, but
generally alleges that the defendants have subjected Levesque to
their "maliciously cruel, deranged, demented idealism."
Defendants have accomplished this by teaching students studying
to become mental health professionals lies that lead to abuse of
vulnerable people.  In particular, Levesque points to a false
premise, promulgated by the defendants, that social despair and
cultural problems are, in fact, mental illnesses, and should be
treated with pharmaceuticals, presumably manufactured by
defendant Pfizer.  Levesque characterizes such medication as
"poison pills" that may alleviate symptoms but which also cause
lifelong dependency on those pills.  This collusive scheme serves
to bilk consumers for profit by rendering them dependent on
medications they do not need, to treat illnesses that do not
exist.

Levesque further alleges that the medical staff at the
Clinton County Correctional Facility in Plattsburgh, New York and
the staff of the Vermont State Hospital failed to report abuse he

suffered at those facilities.  Levesque complains that New
Hampshire authorities have falsely labeled him "bipolar," while
Vermont authorities improperly identified him as an antisocial,
suicidal, alcoholic, substance abusing, and violent paranoid
schizophrenic.

In a "Motion to Submit Evidence" (document no. 15), Levesque
asserts that he was denied access to legal materials.  As a
result, he claims he was denied the opportunity to file an appeal
in a case pending before this Court, <u>Levesque v. N.H. Sup. Ct.
Office of Attorney Discipline</u>, No. 10-cv-040-SM.

Levesque files this action asserting entitlement to all of
the assets of all four defendants.  Levesque has also filed a
number of motions in this case (docket nos. 3, 4, 7, 9, 11, & 13-
15).

## Discussion

I.   <u>Class Action Certification</u>

Parties to a lawsuit cannot be represented by anyone other
than themselves or a member of the bar.  <u>See</u> 28 U.S.C. § 1654;
<u>see</u> <u>also</u> Local Rules of the United States District Court for the
District of New Hampshire ("LR") 83.2(d) & 83.6(b) ("Pro se
parties must appear personally . . . .  A pro se party may not
authorize another person who is not a member of the bar of this

4

court to appear on his or her behalf."). Pro se litigants cannot fairly and adequately protect the interests of the class, as required by Fed. R. Civ. P. 23(a)(4). See <u>Avery v. Powell</u>, 695 F. Supp. 632, 643 (D.N.H. 1988) (denying pro se plaintiff's motion for class certification). Accordingly, Levesque's motion for class action certification (doc. no. 11) is denied.


II.  <u>Sufficiency of Complaint</u>

While it is clear that Levesque is unhappy with the notions and ideas the defendant educational institutions are teaching to their students, his disagreement with their philosophy does not create a cause of action. Levesque's claim that he has been "subjected to" these notions is vague and conclusory, and not supported by the assertion of any specific facts which would indicate that any protectable legal interest of Levesque's has been violated by defendants.

In filing a civil rights complaint, a "claim must at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." <u>Guglielmo v. Cunningham</u>, 811 F. Supp. 31, 35 (D.N.H. 1993) (quoting <u>Dewey v. Univ. of N.H.</u>, 694 F.2d 1, 3 (1st Cir. 1982)); <u>accord</u> <u>Brown v. Zavaras</u>, 63 F.3d 967, 972 (10th Cir. 1995) ("Even pro se litigants must do more than make mere conclusory statements regarding constitutional claims."

(internal citations omitted)).  In this complaint, Levesque has failed to state any facts that, although generously construed, would enable him to clear even the low hurdle for pro se pleadings.  I therefore order dismissal of the claim set forth in the complaint (document no. 1) as it fails to state any claim upon which relief might be granted.

III. <u>Claim Alleging Denial of Access to the Courts</u>

In a supplemental filing (document no. 15), Levesque asserts he was denied access to legal materials he needed to pursue an appeal in a case pending before this Court, <u>Levesque v. N.H. Sup. Ct. Office of Attorney Discipline</u>, No. 10-cv-40-SM.  During incarceration, an inmate is entitled to legal resources which, in the aggregate, enable him to defend his criminal charges and to pursue civil rights actions complaining of the conditions of his confinement.  <u>See</u> <u>Bounds v. Smith</u>, 430 U.S. 817, 832 (1977).  To state a claim for denial of access to the court in a civil rights case due to the denial of access to legal materials, Levesque must allege that prison officials' actions "hindered his efforts to pursue a legal claim" that he is constitutionally entitled to pursue during his incarceration.  <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).

Here, Levesque claims that his ability to pursue an appeal in <u>Levesque v. N.H. Sup. Ct. Office of Attorney Discipline</u>, No. 10-cv-040-SM, was impaired by the denial of access to legal resources.  However, a review of the docket in that case indicates that no adverse actions have been taken against Levesque in that matter to date.  There is, therefore, nothing to appeal at this time.  It is possible that Levesque is referring to another matter he has pending in this Court, <u>Levesque v. N.H. State Prison, Secure Psychiatric Unit</u>, No. 09-cv-041-JD, in which he has recently filed a notice of appeal.  In fact, Levesque successfully filed such a notice appealing the denial of preliminary injunctive relief in that case.  Levesque's notice of appeal in that matter has been filed in this Court and forwarded to the First Circuit Court of Appeals for consideration. Levesque does not specify whether or how his ability to pursue his appeal to this part has been impaired, and none appears on the face of the record.  Accordingly, Levesque has failed to state a claim for denial of access to the Courts.  <u>See</u> <u>Lewis</u>, 518 U.S. at 351.  Any future denial of access to the courts is, at this time, purely speculative and thus, is not ripe for review.

IV.   <u>Claims Asserted in Motions</u>

     To the extent that any of the motions Levesque has filed in
this case attempt to add any claims to this action not addressed
in this Order, the motions, and therefore those claims, have been
raised in other cases filed by Levesque before this Court.  <u>See</u>
<u>Levesque v. New Hampshire, et al.</u>, No. 09-cv-248-JD; <u>Levesque v.</u>
<u>New Hampshire</u>, No. 09-cv-418-SM; <u>Levesque v. Vermont, et al</u>, No.
09-cv-419-PB; <u>Levesque v. Marble Valley Wind Co., et al</u>, No. 09-
cv-427-PB; <u>Levesque v. Shelburne Police Dep't, et al.</u>, No. 09-cv-
429-PB; <u>Levesque v. Town of Ellenburg</u>, No. 09-cv-430-SM; <u>Levesque</u>
<u>v. Fletcher Allen Health Care</u>, No. 09-cv-434-PB; <u>Levesque v.</u>
<u>Merrimack County Dep't of Corrs.</u>, No. 09-cv-435-SM, <u>Levesque v.</u>
<u>New Hampshire, et al.</u>, No. 09-cv-437-JL; <u>Levesque v. Merrimack</u>
<u>County Dep't of Corrs., et al.</u>, No. 09-cv-438-SM; <u>Levesque v.</u>
<u>Merrimack County Dep't of Corrs.</u>, No. 09-cv-453-JD, <u>Levesque v.</u>
<u>N.H. State Prison, Secure Psychiatric Unit, et al.</u>; No. 10-cv-
041-JD.  There is, accordingly, no reason to address them again
here, or construe the complaint in this matter to include any
additional claims.


**Conclusion**

     For the foregoing reasons, the motion for class
certification (document no. 11) is denied.  The complaint is

dismissed for failing to state any claim upon which relief might
be granted.  See 28 U.S.C. §§ 1915 & 1915A.  All other motions
pending in this action (document nos. 3, 4, 7, 9, 13 & 14) are
denied as moot.  The clerk shall enter judgment accordingly and
close the case.

      **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Date:  May 28, 2010

cc:  Andre R. Levesque, pro se

9